## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 17 2017, 7:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane H. Conley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leonard L. Petty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 17, 2017

Court of Appeals Case No.
49A02-1705-CR-1029

Appeal from the Marion Superior Court

The Honorable Barbara Cook Crawford, Judge

Trial Court Cause No.
49G09-1509-F6-33896

**Bailey, Judge.**

# Case Summary

[1] Following a jury trial, Leonard Lajuan Petty ("Petty") was convicted of Criminal Confinement, as a Level 6 felony,[1] and Criminal Mischief, as a Class B misdemeanor.[2] Petty now appeals, challenging the sufficiency of the evidence supporting his convictions. We affirm.

# Facts and Procedural History

[2] On August 22, 2015, Petty got into an argument with Parva Fowlkes ("Fowlkes"), his grandmother. At the time, Petty was living with Fowlkes in her Indianapolis home. Petty became angry, and Fowlkes asked him to leave. When Petty refused to leave, Fowlkes picked up a phone; Petty took the phone and threw it. Petty then approached Fowlkes, got face to face with her, and told Fowlkes that she "made [him] do this." Tr. Vol. II at 31. Fowlkes was sitting in a chair, and Petty positioned himself so that he was straddling Fowlkes, with a leg on either side of her thighs. He said, "[W]hat are you going to do[?] [W]hat are you going to do?" Tr. Vol. II at 31. Petty then began throwing nearby objects, including a paperweight that he had given Fowlkes. The objects cracked a marble coffee table, broke a window, and damaged the window blinds. Fowlkes could not get up with Petty straddling her. After

---

[1] Ind. Code § 35-42-3-3(a).

[2] I.C. § 35-43-1-2(a).

several minutes, Petty went upstairs, and Fowlkes used a neighbor's phone to call 9-1-1. By the time law enforcement arrived, Petty had left the area.

[3] On March 22, 2017, Petty was brought to trial on charges of Criminal Confinement, as a Level 6 felony; Interference with the Reporting of a Crime, as a Class A misdemeanor;[3] and Criminal Mischief, as a Class B misdemeanor. A jury found Petty not guilty of Interference with the Reporting of a Crime, and found Petty guilty of the remaining charges. A sentencing hearing was held, and Petty was sentenced to concurrent sentences of 545 days for the felony and 180 days for the misdemeanor, with most of the time suspended.

[4] Petty now appeals.

# Discussion and Decision

[5] Petty argues that there is insufficient evidence to support his convictions. When reviewing the sufficiency of evidence to support a conviction, "we look only at the probative evidence and reasonable inferences supporting the verdict." *Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017). We neither reweigh the evidence nor assess the credibility of witnesses, and "will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.*

---

[3] I.C. § 35-45-2-5.

[6]     To convict Petty of Criminal Confinement, the State had to prove that Petty knowingly or intentionally confined Fowlkes without her consent. *See* I.C. § 35-42-3-3(a). To "'confine' means to substantially interfere with the liberty of a person." I.C. § 35-42-3-1. Petty argues that the State failed to prove that he confined Fowlkes because the encounter was relatively short, Fowlkes did not say anything while Petty stood there, and Fowlkes was unharmed. Yet, Fowlkes testified that she wanted to get up, and that she could not do so with Petty positioned in front of her, throwing objects for several minutes. This is sufficient evidence from which a reasonable fact-finder could conclude that Petty substantially interfered with Fowlkes's liberty.

[7]     Petty also argues that the State failed to prove that he knowingly confined Fowlkes—Petty relies on his testimony that he blacked out during the encounter and that Fowlkes did not ask him to move. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). Here, Fowlkes testified that Petty got angry during an argument, put his face close to hers, straddled her, and prevented her from getting up. Petty told Fowlkes that she made him do it, and repeatedly asked her what she was going to do. From this evidence, a jury could reasonably conclude that Petty knowingly confined Fowlkes.

[8]     As to Criminal Mischief, the State was obligated to prove that, without Fowlkes's consent, Petty recklessly, knowingly, or intentionally damaged property belonging to Fowlkes. *See* I.C. § 35-43-1-2. The State specifically alleged that Petty had broken a window and/or a coffee table. Petty contends

that the State failed to prove that he even recklessly engaged in the charged conduct, and again relies on his testimony that he blacked out during the encounter. "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." I.C. § 35-41-2-2(c). In this case, the evidence indicates that Petty angrily straddled Fowlkes and began throwing objects—including a paperweight that Petty had given Fowlkes—across the room. By throwing the objects, Petty damaged a window and coffee table. This evidence supports a reasonable determination that Petty recklessly damaged the property.

# Conclusion

[9] Petty's convictions are supported by sufficient evidence.

[10] Affirmed.

Baker, J., and Altice, J., concur.